Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| ORIENTAL BANK  Recurrida  v.  REFRICENTRO, INC. Y OTROS  Peticionaria | TA2026CE00769 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Caso Núm.: SJ2022CV06221 Salón Núm.: 602  Sobre: Petición de Orden |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece Refricentro, Inc. vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 13 de mayo de 2026. En dicho dictamen, se resolvió sin lugar a la petición de la parte peticionaria en cuanto al desembolso de unos fondos consignados. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, en el caso SJ2022CV02075, el 17 de marzo de 2022 Refricentro presentó una demanda de entredicho provisional, *injunction* preliminar e *injunction* permanente contra el señor José Cirilo Hernández García, el señor Frank Palacio Rodríguez, el señor M. Vento Torres y el señor Luis E. Lago-Marrero, por supuestamente hacerse pasar como presidente, secretario, tesorero y directores de la corporación. A consecuencia de lo anterior, en el caso

SJ2022CV06221, Oriental Bank presentó una demanda de *interpleader* contra Refricentro y otros el 14 de julio de 2022. Esto, a razón de que la *Resolución Corporativa* de Refricentro, emitida el 24 de septiembre de 2020, nombró a ciertas personas para una variedad de posiciones dentro de la Junta de Directores, mientras que la *Notificación de Nueva Junta de Directores* del 5 de julio de 2022, presentada a Oriental Bank, dispuso de nombres distintos para los mismos puestos. Por estas circunstancias, más otras comunicaciones confusas, Oriental Bank invocó la figura del *interpleader* para librarse de responsabilidad para así evitar cometer un error al designar los fondos guardados en la Cuenta Núm. 114003672 de Refricentro a las personas incorrectas.

Luego de Oriental Bank consignar los fondos ante el Tribunal de Primera Instancia, varios de los codemandados respondieron a la demanda y presentaron una reconvención, así argumentando que estos tenían derecho a los fondos y, por tanto, Oriental Bank debía desembolsarlos a su favor. Ante la posterior consolidación de los casos SJ2022CV02075 y SJ2022CV06221 y la oposición a la reconvención de Oriental Bank, el 21 de febrero de 2024, el Tribunal recurrido emitió una *Sentencia Parcial* y aceptó las consignaciones realizadas por Oriental Bank, además de desestimar con perjuicio la reconvención presentada en su contra. Más aun, el Tribunal recurrido especificó que una de las controversias medulares entre las partes giraba en torno a la composición de los legítimos miembros de la Junta de Directores de Refricentro, lo cual es un asunto que aún estaba por verse. Sin embargo, en ningún momento resolvió que la consignación duraría hasta tanto se determinara quiénes eran los miembros legítimos de la Junta de Directores de Refricentro; mas bien se enfocó en que la demanda de

*interpleader* fue la acción correcta para Oriental Bank protegerse de responsabilidad antes las circunstancias descritas.

Inconformes, los codemandados recurrieron al Tribunal de Apelaciones y plantearon como errores que (1) el foro recurrido no debió autorizar la consignación de los fondos, toda vez que carecía de una parte indispensable; (2) que dicho foro no debió determinar que procedía la consignación y desestimar la reconvención; y (3) que el Tribunal erró al imponer sanciones a los codemandados por temeridad. Posteriormente, el Tribunal de Apelaciones, mediante el caso KLAN202400436, ratificó la *Sentencia Parcial* y adujo que:

> De igual forma, colegimos que Oriental cumplió con los requisitos dispuestos en nuestro Código Civil para ser liberado. Entiéndase, Oriental anunció a los apelantes que estaba interesado en el cumplimiento de la obligación mediante la *Moción sobre Consignación y Solicitud de Desestimación de Reconvención*. No obstante, existía controversia respecto a quiénes podían realizar transacciones en la cuenta. Además, Oriental consignó la totalidad de la cuenta núm. 114003672 ante el foro primario. **Por todo lo anterior, resolvemos que el foro primario actuó correctamente al permitir la consignación de dichos fondos, hasta tanto se determine quiénes son los directores de Refricentro**. (Énfasis nuestro).

Así las cosas, el 1 de octubre de 2025, el Tribunal de Primera Instancia ordenó la celebración de una reunión de accionistas el primer de noviembre de 2025 para elegir directores, estudiar, analizar y discutir los resultados económicos del año anterior, y para la transacción de otros asuntos de la corporación. Luego, el 8 de enero de 2026, el Tribunal recurrido emitió una *Orden* y determinó que:

> Mediante Sentencia Parcial emitida el 21 de febrero de 2024 [...] este Tribunal declaró Con Lugar la Demanda de *Interpleader* y la Solicitud de Desestimación de Reconvención, dando por concluidos los asuntos en el caso SJ2022CV06221.
> En vista de los anterior, se ordena el archivo y la desconsolidación del caso SJ2022CV06221.

El 28 de abril de 2026, y en ambos casos ante el Tribunal de Primera Instancia, la peticionaria presentó una *Moción Solicitando*

*Orden para Entrega de Fondos Congelados y Consignados* para solicitar que se le ordenara a la Unidad de Cuentas del Tribunal expedir, a la mayor brevedad, los cheques a nombre de Refricentro por la totalidad de los fondos consignados por Oriental Bank en el caso SJ2022CV06221, incluyendo intereses. Esto, bajo el argumento de que la *Sentencia* del Tribunal de Apelaciones, en el caso KLAN202400436, determinó que la custodia de los fondos sería temporera, mientras se encauzaba la representación corporativa. En respuesta, el Tribunal recurrido dispuso que "la orden para el desembolso de los fondos consignados por Oriental Bank está sujeta al resultado del caso SJ2022CV02075, por lo cual se declara No Ha Lugar en esta etapa".

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al denegar el desembolso de los fondos consignados por Oriental Bank a favor de Refricentro y supeditarlo "al resultado del caso SJ2022CV02075", a pesar de que el propósito de la consignación—determinar la legítima junta de directores—ya se cumplió por adjudicación final y firme, el *interpleader* concluyó y el caso fue archivado; además porque en el caso SJ2022CV02075 no existe causa de acción ni reclamo de remedio que impugne la reunión corporativa celebrada en noviembre de 2025 o la titularidad corporativa de los fondos, los cuales pertenecen indiscutiblemente a Refricentro, Inc. Presentada la oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V) como de

conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones (4 LPRA. Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Por otro lado, el concepto del *obiter dictum* aplica cuando un tribunal emite expresiones innecesarias en un caso o una controversia ante sí, y acerca de interrogantes jurídicas que no le han sido planteadas. *Ortiz v. Panel FEI*, 155 DPR 219 (2001) (citando a H.C. Black, *Black's Law Dictionary*, 7.ª ed., Minnesota, Ed. West Publishing Co., 1999, pág. 1100). Por su naturaleza, estas expresiones no sientan precedente jurídico alguno. Íd. (citando a *Martínez v. Registrador*, 54 DPR 7 (1938); *PGRR Co. v. Antonetti et al.*, 17 DPR 325 (1911)).

Por otra parte, todas aquellas personas que tengan reclamaciones justiciables contra la parte demandante podrán ser unidas como partes demandadas y requerirles que litiguen entre sí dichas reclamaciones, siempre y cuando sean éstas de tal naturaleza que la parte demandante estaría o podría estar expuesta a una doble o múltiple responsabilidad. Regla 19 de Procedimiento Civil, *supra*. Mediante este mecanismo procesal en equidad, remediador y discrecional, se persigue como objetivo el que la persona o *stakeholder* contra el cual se reclama deposite en el Tribunal los fondos o propiedad en controversia y, por

efecto, no tenga que determinar, por su cuenta, quién tiene una reclamación válida. *Zorniak v. Cessna*, 132 DPR 170 (1992) (citando a 3A *Moore's Federal Practice* sec. 22.02[1] (1987)). Véase *Lexington Ins. Co. v. Jacobs Indus. Maintenance Co., LLC*, 435 Fed.Appx. 144 (3er Cir. 2011). Entre todo, el Tribunal de Primera Instancia deberá aplicar este mecanismo de manera liberal. *Zorniak v. Cessna, supra.*

Tal procedimiento de *interpleader* se divide en dos (2) fases, en el cual la primera de estas el Tribunal determina si el *stakeholder* invocó apropiadamente la causa de acción. *Sevelitte v. Guardian Life Insurance Company of America*, 55 F.4th 71 (1er Cir. 2022); *US v. High Technology Products, Inc.*, 497 F.3d 637 (6to Cir. 2007) (citando a 7 C.A. Wright, A.R. Miller & M.K. Kane, *Federal Practice and Procedure: Civil* sec. 1714 (3d ed. 2001)). De autorizar la demanda de *interpleader* y, en su consecuencia, eliminar toda responsabilidad que pueda recaer sobre el *stakeholder*, comienza la segunda fase, es decir, el Tribunal decide los derechos respectivos de los que reclaman los fondos o la propiedad mediante un proceso ordinario de litigio. *Sevelitte v. Guardian Life Insurance Company of America, supra*; *US v. High Technology Products, Inc., supra.*

Ahora bien, la consignación es aquel depósito judicial de la cosa debida, con la autoridad judicial reteniendo y poniéndolo a disposición del acreedor. *TOLIC v. Rodríguez Febles*, 170 DPR 804 (2007) (citando a J. Vélez Torres, *Derecho de Obligaciones*, 2.ª ed. rev., San Juan, Programa de Educación Continua, Universidad Interamericana, 1997, pág. 186). Hecha la consignación, el deudor podrá pedir al tribunal que determine la suficiencia del pago y ordene cancelar la obligación. Art. 1135 del Código Civil de 2020, 31 LPRA sec. 9185. Asimismo, del

acreedor no haber aceptado la consignación o de no haber recaído la declaración judicial de la suficiencia del pago, el deudor podrá retirar la cosa o la cantidad consignada. Íd., sec. 9186. De hacerse la consignación y el acreedor autorizar al deudor retirarla, el primero perderá toda preferencia que tenga sobre la cosa. Íd.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al denegar desembolsar los fondos consignados antes de adjudicar por completo el caso SJ2022CV02075. Del expediente se desprende que lo aludido por el Tribunal de Apelaciones en el caso KLAN202400436—es decir, la frase "hasta tanto se determine quiénes son los directores de Refricentro"—no constituyó una determinación sobre la controversia jurídica principal sino una expresión inocua, es decir un *dictum*, carente de efecto legal alguno sobre el caso.

Igualmente, la jurisprudencia federal delimita el procedimiento de una demanda de *interpleader* e instituye que la autorización de dicha demanda no se considerará como el punto final del proceso. Esto es, el que el Tribunal de Primera Instancia haya archivado el caso SJ2022CV06221 no significa que el procedimiento total que involucra el *interpleader* haya acabado. Por tanto, en la medida en que la parte peticionaria no demostró que el foro recurrido se hubiera desmarcado del ámbito del ejercicio de su discreción ni de la existencia de evidencia suficiente o criterio legal acerca de que sufriría algún perjuicio, no vemos razón por la cual interferir en la decisión del Tribunal de Primera Instancia.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones